

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 21, 1970

Affirmed by M-872

Honorable William B. Mobley, Jr.
District Attorney
105th Judicial District
Nueces County Courthouse
Corpus Christi, Texas 78401

Opinion No. M-560

Re: Right of District
Attorney to retain
10% of civil penalties
collected by suits
under Article 7621d-1,
V.C.S., where he re-
presents the Texas
Parks and Wildlife
Department under
said Texas Water
Dear Mr. Mobley:                          Quality Act.

You have requested our opinion as to whether your
office can retain 10% of the civil penalties collected
by you in direct suits brought on behalf of the Parks
and Wildlife Department under the Texas Water Quality Act
(Chapter 760, Acts of the 61st Leg., R.S., page 2248).
Your request states:

"To what extent, if any does Sec. 4.04(e)
of the 1969 Amendment to Tex.Civ. Stats. Art.
7621d-1 (Vernon's Tex. Sess. Law Sv. Vol. 5,
Chap. 760, p. 2248) accomplish a repeal by
implication of the provisions codified in
Vernon's Ann. Tex. Code Crim. Proc. 1965, Vol.
5, p. 677, Art. 1007."

If you, as District Attorney have any right to
retain such money, it must be done pursuant to Article
1007, Vernon's Code of Criminal Procedure. This is an
1879 law which reads as follows.

-2672-

"The district or county attorney shall be
entitled to ten per cent of all fines, forfeitures
or moneys collected for the State or county,
upon judgments recovered by him; and the clerk
of the court in which said judgments are rendered
shall be entitled to five per cent of the amount
of said judgments, to be paid out of the amount
when collected.  Acts 1879, p. 133."  (Emphasis
Added.)

The pertinent sections of the Texas Water Quality Act
authorizing Texas Parks and Wildlife Department to
initiate a direct suit by you to abate water pollution
read as follows:

"(b)  Whenever it appears that a violation or
a threat of violation of any provision of Section
4.01 of this Act or any rule, regulation, permit,
or other order of the board has occurred or is
occurring that affects aquatic life or wildlife,
the Parks and Wildlife Department, in the same
manner as the board, may cause suit to be
instituted in a district court for injunctive
relief or civil penalties, or both, as
authorized in Subsection (a) of Section 4.02
of this Act, against the person who committed or
is committing, or is threatening to commit, the
violation.  The suit shall be brought in the name
of the State of Texas through the county attorney
or the district attorney, as appropriate, of the
county where the defendant resides or in the
county where the violation or threat of violation
occurs.

*  *  *  *  *  *

"Sec. 4.04. (e)  All civil penalties recovered
in suits instituted under this Act by the
State of Texas through the board or the Parks
and Wildlife Department shall be paid to the
General Revenue Fund of the State of Texas."
(Emphasis added.)

The rule applicable in this case is found in <u>Hunt</u> <u>v. Atkinson, County Judge</u>, 12. S.W.2d 142 (Tex. Com. App. 1929), wherein the Court holds at page 145 as follows:

"....Where two statutes cover the same subject the one general and the other special, the special statute will control, not upon any theory of implied repeal, but upon the broad rule that all parts of the act or statutes must stand if possible, and that the intentions of the Legislature is more clearly reflected by the special statute than by the general one. Both are permitted to stand, the special article or enumeration being treated as though it were a proviso excepting something from the general rule."

The 1879 general statute allowing a District Attorney to retain 10% of all moneys collected for the State must yield to the 1969 expression of the Legislature directing that <u>all</u> civil penalties collected by you in water pollution cases must be placed in the State General Revenue Fund.

Your attention is also invited to the Texas Supreme Court holding concerning a statute having substantially the same language as that contained in Article 1007, supra, wherein it was held that such language is not deemed to apply to actions by the State brought to recover civil penalties. <u>State v. Hart</u>, 96 Tex. 102, 70 S.W. 947 (1902). In accord, <u>State v. Norrell</u>, 53 Tex. 427 (1880).

## S U M M A R Y

Section 4.04(e), of Article 7621d-1, Vernon's Civil Statutes, controls over the provisions of Article 1007, Vernon's Code of Criminal Procedure, to the extent of any conflict between the two laws. A District Attorney may not retain a percentage of moneys collected as civil penalties in civil suits which he initiates on behalf of the Parks and Wildlife Department to abate water pollution.

Yours very truly

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Roger Tyler
Assistant Attorney General

APPROVED
OPINION COMMITTEE

Kerns Taylor, Chairman
Alfred Walker, Co-Chairman
Richard Chote
Brandon B. Bickett
James Quick
Wayne Rodgers

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant